Stephen M. Enderton (6535)
Sarah L. Mathews (9756)
ENDERTON & MATHEWS, LLC
555 East 4500 South, Suite C-200
Salt Lake City, Utah 84107
(801) 281-0252
senderton@emlegal.net
mathews@emlegal.net
Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy No. 18-26355 |
|---|---|
| Noelle C. Legendre, | Chapter 13 |
| Debtor. | Hon. R. Kimball Mosier |

MOTION TO VACATE ORDER OF DISMISSAL AND GRANT ADDITIONAL TIME TO BRING THE CHAPTER 13 PLAN PAYMENTS CURRENT

The Debtor, above-named, by and through Counsel, Sarah L. Mathews, hereby moves this Court to vacate the Order of Dismissal and reschedule the confirmation hearing and to allow additional time to bring all chapter 13 plan payments current in the above-referenced case and as grounds states as follows:

1. The Debtor commenced this chapter 13 bankruptcy case by filing a voluntary petition on August 27, 2018.

2. The Debtor had previous counsel during the filing of the case and through the Meeting of Creditors. The Debtor believes that there was mis-communication with the prior counsel and as a result believed there was nothing that could be done to save the case.

3. The Debtor had a Motion for Relief filed by her mortgage company that she sought to have resolved through an agreed order. The attorney did enter into an agreed order, however the deadlines had already been missed by the time it was entered into.

4. When speaking with the prior attorney, the Debtor understood that there was nothing that could be done to resolve the problem. The Debtor attempted to discuss whether there

could be additional time to make the chapter 13 plan payments and understood that it was impossible to request additional time from the Court.

5. The Debtor's husband was on disability and had a job lined up. He simply needed a short extension of time to make the payment. The Debtor will make all payments that have come due and that will come due prior to a hearing on this motion. The issue of employment has been resolved and the Debtor will be able to timely make all future chapter 13 plan payments.

6. The Debtor has reviewed the issues raised by the trustee to with regard to confirmation and believes that all of the issues can be resolved and the case can be confirmed.

7. Interested parties will suffer more inconvenience through the dismissal than they will if the Debtor is permitted to vacate the dismissal. The deadline to file proof of claims expired prior to the dismissal. Creditors will have the opportunity to object to the Debtor's chapter 13 plan should they have any concerns. The only objections to confirmation that had been filed were by Salt Lake County and the Trustee, and the Debtor believes she will be able to resolve those objections.

8. The Debtor intends to resolve the post-petition delinquency with the mortgage company and believes it will be in the creditor's best interest if the case is reinstated as they would have the option to either move forward with a declaration of non-compliance or work with the Debtor to allow a cure.

THEREFORE, the Debtor prays that the Court vacate the Order of Dismissal and reschedule the Confirmation hearing.

Dated this 15th day of February, 2019.

/s/_____
Sarah L. Mathews
Attorney for Debtor