**This order is SIGNED.**



**Dated: May 16, 2019**



**R. KIMBALL MOSIER
U.S. Bankruptcy Judge**

---

Mark S. Middlemas (USB No. 9252)
Tom Cook (USB No. 5846)
LUNDBERG & ASSOCIATES, PC
3269 South Main Street, Suite 100
Salt Lake City, UT 84115
(801) 263-3400
(801) 263-6513 (fax)
ECFmailDistGroup@Lundbergfirm.com

Attorneys for Wells Fargo Bank, N.A.
L&A Case No. 15.61735.9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
Central Division

| In re:<br><br>Noelle C. Legendre,<br><br>Debtor. | Bankruptcy No. 18-26355 RKM<br><br>(a Chapter 13 case)<br><br>Filed Electronically<br><br>Hearing January 16, 2019 @ 10:00 am |
|---|---|

### AMENDED AGREED ORDER CONDITIONING THE
### AUTOMATIC STAY AND CO-DEBTOR STAY

Wells Fargo Bank, N.A. ("Creditor") filed a Motion for Termination of the Automatic Stay and Co-debtor Stay and the parties entered into an Agreed Order, which was executed and entered by the court on January 24, 2019. (Docket No. 43.) The parties now wish to amend the

terms of the Agreed Order after the vacation of the dismissal of the debtor's Chapter 13 case. (Docket No. 61.) The Court has considered the motion, any responses to the motion and the agreement of counsel, and it is hereby ordered, adjudged and decreed as follows:

1. <u>Automatic Stay and Co-debtor Stay</u>. The automatic stay and co-debtor stay provided by 11 U.S.C. §362 and §1301 shall remain in effect, except as provided in the paragraphs below. The terms and conditions set forth in this Order governing the continuation of the automatic stay and co-debtor stay and/or termination due to default by the debtor and/or co-debtors shall not be amended, altered, or superseded by the confirmation order entered in this case, but shall be considered a part of and integrated into the confirmation order. Should the automatic stay and co-debtors stay be terminated consistent with the terms of this Order, it shall not be reimposed by entry of the confirmation order.

2. <u>Regular Monthly Payments</u>. The debtor and/or co-debtors shall make all regular monthly mortgage payments due to the Creditor pursuant to the terms of the Note and Trust Deed attached to Creditor's Motion, beginning with the payment due on May 1, 2019. The amount of each such payment is presently $1,261.89. The amount is subject to change to reflect escrow requirements and any other adjustments provided by the terms of the Note and Trust Deed.

3. <u>Additional Payments</u>. In addition to payments required by paragraph 2, above, the debtor and/or co-debtors shall cure the post-petition arrearage, calculated as follows:

| | |
|---|---|
| Post-petition payments for September 1, 2018 through February 1, 2019 at $1,262.75 each | $7,576.50 |

| | |
|---|---:|
| Post-petition payment for March 1, 2019 through April 1, 2019 at $1,261.89 each | $2,523.78 |
| Total Arrears | $10,100.28 |

The debtor and/or co-debtors shall pay $1,000.00 by April 30, 2019 and $2,000.00 by May 31, 2019. (This is in addition to the payment due May 1, 2019.) The remaining balance of ($7,100.28) shall be paid as follows:

$591.69 on or before June 15, 2019

$591.69 on or before July 15, 2019

$591.69 on or before August 15, 2019

$591.69 on or before September 15, 2019

$591.69 on or before October 15, 2019

$591.69 on or before November 15, 2019

$591.69 on or before December 15, 2019

$591.69 on or before January 15, 2020

$591.69 on or before February 15, 2020

$591.69 on or before March 15, 2020

$591.69 on or before April 15, 2020

$591.69 on or before May 15, 2020

All such payments shall be mailed directly to the Creditor at the following address:

Wells Fargo Bank, N.A.
P.O. Box 14507
Des Moines, IA 50306

4.  <u>Trustee Payments</u>. The debtor and/or co-debtors shall remit to the Trustee the monthly payments described in the debtors' Plan. The debtors shall bring current all delinquent and outstanding payments owed to the Trustee, if any; within 30 days of the date this Order is signed by the Bankruptcy Judge.

5.  <u>Effect of Non-sufficient Funds</u>. Any check tendered to the Creditor by the debtor and/or co-debtors which is returned due to non-sufficient funds in the account upon which it is drawn shall not constitute a payment required by the terms of this Order.

6.  <u>Default</u>. In the event the Creditor does not receive the payment of $1,000.00 by April 30, 2019 and $2,000.00 by May 31, 2019, as set forth in paragraph 3, the automatic stay and co-debtor stay shall be terminated upon submission of a declaration of default and ex parte order for relief from the automatic stay and co-debtor stay. In the event the Creditor does not receive the payments required by this Order on the dates set forth in paragraph 2 with any grace period allowed, or paragraph 3 on the date set forth by 5:00 p.m., or the debtor do not make the payments required by paragraph 4, above, the Creditor shall send written notice by certified mail, return receipt requested, to the debtor and/or co-debtors and their counsel and allow the debtor and co-debtors ten (10) days from the date the written notice is mailed to cure the delinquent payment or payments. Cure payments must be in the form of certified funds only. In the event the debtor and/or co-debtors fail to cure the delinquent payment or payments within the ten (10) day period, or in the event the debtor becomes delinquent after one (1) notice of default, Creditor shall be entitled to submit a declaration of default and ex parte order for relief from the automatic stay and co-debtor stay. Creditor shall be entitled to recover and add to the loan, attorney fees

incurred in the preparation of a notice of default, declaration of default and/or order terminating the automatic stay and co-debtor stay pursuant to the terms of this order.

In addition, should the holder of any other consensual or judicial lien secured against the real property described below obtain relief from the automatic stay and co-debtor stay Creditor shall be entitled to submit a declaration of default and ex parte order for relief from the automatic stay and co-debtor stay.

Upon order of the court, the stay and co-debtor stay shall terminate as to the Creditor, its successors and assigns, as to the real property of the debtor located at 13054 South Padstow Lane, Herriman, UT 84096 more particularly described as:

> All of Lot B-TH4-3, contained within the HERRIMAN TOWNE CENTER PLAT B-PHASE 1, Lot B-45 Amended, as identified on the plat recorded in the office of the Salt Lake County Recorder as Entry No. 11424151, in Book 2012P, at Page 86, (as such plat may have heretofore been amended or supplemented).
>
> Together with a right and easement of use and enjoyment in and to the common areas described, and as provided for, in said Declaration (as said Declaration may have heretofore been amended or supplemented).
>
> Together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property.

It is further ordered that, upon termination of the automatic stay and co-debtor stay pursuant hereto and notice thereof, the Chapter 13 Trustee shall make no further distribution to Creditor on its secured claim, and Creditor shall file, within 180 days for it to be allowed, an amended proof of claim showing the amount, if any, that should be paid through the plan as an unsecured claim, for any deficiency balance, and shall serve a copy thereof on the Chapter 13 Trustee.

Creditor and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance, loan modification, refinance, short sale, deed in lieu, or other loan workout/loss mitigation agreement or alternative to foreclosure. Any such agreement shall be non-recourse unless included in a reaffirmation agreement. Creditor may contact the debtors and/or co-debtors via telephone or written correspondence to offer such an agreement. The terms of this agreed order shall be valid and enforceable for the duration of the Debtor's Chapter 13 Bankruptcy case, and Creditor's right to enforce the terms of the agreed order shall only terminate upon the dismissal, conversion, or closure of the Debtor's Chapter 13 case. An order terminating the automatic stay pursuant to the terms of this agreed order shall remain effective despite conversion to any other chapter. This order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other Chapter of Title 11 of the United States Code.

———————————————— End of Document ————————————————

Agreed and approved as to form and substance:

By <u>Electronic Endorsement</u>
Stephen M. Enderton
Attorneys for Debtors

Lundberg & Associates, PC

<u>By /s/Mark S. Middlemas</u>
Mark S. Middlemas
Attorneys for Creditor

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing Amended Agreed Order shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

>Mark S. Middlemas
>Lundberg & Associates, PC
>ecfmaildistgroup@lundbergfirm.com
>ECF
>>Attorney for Creditor

>Stephen M. Enderton
>Grindstaff, Enderton & Mathews, LLC
>senderton@emlegal.net
>ECF
>>Attorney for Debtors

>Sarah L. Mathews
>Grindstaff, Enderton & Mathews, LLC
>mathews@emlegal.net
>ECF
>>Attorney for Debtors

>Lon Jenkins
>ecfmail@ch13ut.org
>ECF
>>Chapter 13 Trustee

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b).

>Noelle C. Legendre
>13054 South Padstow Lane
>Herriman, UT 84096
>>Debtor
>
>Chantelle LeGendre
>13054 South Padstow Lane
>Herriman, UT 84096
>>Co-debtor
>
>Jean-Pierre LeGendre
>13054 South Padstow Lane
>Herriman, UT 84096
>>Co-debtor

>/s/Mark S. Middlemas
>Mark S. Middlemas